# THE OREGON STEAMSHIP COMPANY, APPELLANT, *v.* GEORGE K. OTIS, RESPONDENT.

*United States mail — right of one person to take a contract to carry it, as the agent and for the benefit of another — Referee — power of, to allow an amendment to the complaint.*

APPEAL from a judgment, entered on the report of a referee, dismissing the plaintiff's complaint.

The complaint alleged that the defendant, on or about the 2d of March, 1874, as the agent of the plaintiff, made a certain agreement with the United States for the transportation of its mails on route known as No. 46,101, between San Francisco, in California, and Portland, in Oregon, and back, and that at various times the defendant had collected and received from the United States certain sums of money, of which sums he had paid the plaintiff, at various times, various amounts, and that the defendant had not paid over to the plaintiff or accounted for a certain sum which had been duly demanded.

The defendant denied that he had ever made or entered into the contract as the agent of the plaintiff. The referee found that the defendant did not make or enter into the agreement as the agent of the plaintiff, but, on the contrary, that the defendant entered into the contract personally. But the referee finds that the mails were in fact carried by the plaintiff upon its steamships, running between the ports of San Francisco, California, and Portland, Oregon. He also finds that the defendant has received certain sums, and that he had paid certain sums to the plaintiff, who had, prior to the commencement of the action, demanded from the defendant the amount stated in the complaint.

The court at General Term said: "From the opinion of the referee, which appears in the case, it is quite evident that he found against the plaintiff on the question of agency, upon the proposition that as the contract for carrying the mails was one between the defendant and the United States, accompanied by the affidavits and certificates required by the laws of Congress, it was the contract of the defendant and not of the plaintiff, and which was not assigned and was not capable of assignment under such laws.

"This was an erroneous view of the case. The evidence establishes *prima facie* that the contract was taken by Otis on behalf of and for the benefit of the plaintiff, he acting in the transaction as its representative. And there is nothing in the provisions of the statute (see Rev. Stat. United States [2d ed., 1878], §§ 3941 to 3953) which prohibits such a contract being made between the parties. It is true that section 3963 declares that no contractor shall assign or transfer his contract, and that all such assignments shall be null and void; but there does not appear to be anything to prevent a person who obtains a contract from the United States to carry the mails from agreeing that he will do so as the agent of another. And the evidence in the case was abundantly sufficient *prima facie* to show, as already suggested, that the defendant, in making the contract, did it on behalf of the plaintiff, and that he was used for that purpose to facilitate the execution of the bond and the giving of the security required by law. The theory, therefore, upon which the referee declared that he was not the agent was one of law and not of fact. He certainly was influenced by the proposition that, having taken the contract in his own name, he was not the agent of the plaintiff for that purpose.

"An application to amend was made to the referee, and the amendment designed in form and substance to allege that the defendant made and entered into the contract to carry the mails, as already stated, and that the plaintiff carried the mails in fact, and performed all the service required by the contract for him, and that in consideration of such service it was agreed that, of the moneys to be received from the United States under the contract, the plaintiff should have ninety-seven and one-half per cent and the defendant the remainder, to wit, two and one-half per cent, and no more.

"The effect of these allegations was to change in name the alleged relations of the plaintiff and the defendant, but not to change the claim; in substance that was the same in effect. In the original complaint the defendant was to have two and one-half per cent for his agency. By the amended complaint the plaintiffs were to receive for their services all but two and one-half per cent of the amount received from the government, so that the claim was not changed in substance; it was a change in the form of stating it

merely. The learned referee seems to have regarded the amendment as such an entire change of the action as is prohibited by law, and to have refused to allow it to be made on the ground of a want of power. We entertain no doubt of the power. (*Smith* v. *Rathbun,* 75 N. Y., 122 ; *Hatch* v. *Central Nat. Bank,* 78 id., 487 ; *Harris* v. *Tumbridge,* 83 id., 487.) He said the amendment changed the action from one for money had and received, to an action for work, labor and service performed by the defendant at its request. This is true, but it is a matter of form only. The amendment does not substantially change the claim. The claim is the same whether it be urged against the defendant as an agent, or for services rendered, in both aspects arising as it does under the same contract, which forms the basis of the claim that such contract was obtained by the defendant on behalf of the plaintiff as its agent. It rests upon the evidence which was given, and can be formulated out of it. The fact found by the referee, namely, that the mail service was accomplished by the plaintiff, is a strong item of evidence on the subject. If the referee had denied the application to amend in the exercise of his discretion, we doubtless could not have interfered with it ; but it was not so disposed of, as already suggested, but from a want of power to allow it."

*George H. Adams,* for the appellant.

*John Sessions,* for the respondent.

Opinion by Brady, P. J. ; Daniels, J., concurred.

Present — Brady, P. J., and Daniels, J.

Judgment reversed and amendment allowed, with costs of appeal to abide the event. If, however, the amendment be such in its effect as to destroy all the defense and the defendant withdraws his answer and declines to answer anew, then it is to be allowed only upon the payment of the costs of the action.